UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARMEN PLASCENCIA ) | CASE NO. |
| 68465 North Lane, Apt. 8201 ) | |
| Willoughby, OH 44094 ) | JUDGE |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | |
| vs. ) | **PLAINTIFF'S COMPLAINT** |
| ) | |
| TAPATIAS FOOD LLC, D/B/A ) | (Jury Demand Endorsed Herein) |
| TAPATIA'S TAQUERIA ) | |
| c/o Statutory Agent Legalinc Corporate ) | |
| Services Inc. ) | |
| 1991 Crocker Road, Ste. 600A ) | |
| Westlake, OH 44145 ) | |
| ) | |
| Defendant. ) | |

Now comes Plaintiff Carmen Plascencia, by and through undersigned counsel, and for her Complaint against Tapitias Food LLC, d/b/a Tapatia's Taqueria ("Defendant"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and for Defendant's failure to pay the minimum wage for all hours worked in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Lake County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a limited liability corporation, organized and existing under the laws of the State of Ohio, and conducted business under the fictitious name "Tapatia's Taqueria".

8. At all times relevant herein, Defendant maintained its principal place of business at 12501 Lorain Ave, Cleveland, OH 44111.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

13. Defendant operates a Mexican restaurant, Tapatia's Taqueria.

14. Defendant employed Plaintiff between February 2019 and June 2019.

15. At all times relevant herein, Defendant employed Plaintiff as a server.

16. At all times relevant herein, Defendant failed to pay Plaintiff an hourly wage for her work.

17. In addition to serving tables, Plaintiff also performed the following non-exhaustive list of duties each workweek: cashier, food runner, food prep, cleaning, and various other duties.

18. Plaintiff spent more than 20% of her time on non-tipped activities during each workweek.

19. The only compensation Plaintiff received for her work for Defendant was in the form of tips she received from customers.

20. Plaintiff frequently worked over 48 hours per week.

### (Failure to Pay the Minimum Wage)

21. By failing to pay Plaintiff an hourly wage for time she worked as a server and the time she performed non-tipped worked, Plaintiff was paid less than the applicable minimum wage for the hours she worked each workweek.

22. Defendant knowingly and willfully failed to pay Plaintiff the minimum wage.

### (Failure to Pay Overtime Compensation)

23. Plaintiff worked more than 40 hours to week, but Defendant failed to pay her overtime compensation for the hours she worked over 40 each workweek.

### (Failure to Keep Accurate Records)

24. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff.

**(Defendant Willfully Violated the FLSA)**

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Defendant's practice and policy of not paying Plaintiff the minimum wage for the hours she worked in a workweek violated the FLSA, 29 U.S.C. § 206.

28. Defendant's practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

29. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 C.F.R. § 516.2(a)(7).

30. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

31. As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the FLSA.

## COUNT TWO
**(OMFWSA Violations)**

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Defendant's practice and policy of not paying Plaintiff the minimum wage for the hours she worked in a workweek violated the OMFWSA, R.C. § 4111.14.

34. Defendant's practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for all the hours she worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

35. By failing to pay Plaintiff overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

36. As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid wages found due to Plaintiff;

C. Award Plaintiff actual damages for unpaid minimum wages;

D. Award Plaintiff liquidated damages equal to two times the amount of unpaid minimum wages found due to Plaintiff;

E. Award Plaintiff pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff attorneys' fees, costs, and disbursements; and

G. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113

>Phone: 216-696-5000
>Facsimile: 216-696-7005
>anthony@lazzarolawfirm.com
>chastity@lazzarolawfirm.com
>lori@lazzarolawfirm.com
>Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

>  /s/ Lori M. Griffin
>One of the Attorneys for Plaintiff